UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CHERIE SHIGLEY,

Plaintiff,

v.

SEPHORA USA, INC.,

Defendant.

Case No. 2:26-cv-03767-JAD-EJY

**ORDER**

Pending before the Court are Plaintiff's application to proceed *in forma pauperis* and Complaint. ECF Nos. 2, 2-2. The application is complete and granted below.

Under United States District Court for the District of Nevada Local Rule LSR 2-1, a civil rights complaint filed by an unrepresented party must be submitted on the form provided by the Court or a substantially similar document.[1] Here, Plaintiff's Complaint was not submitted on the Court's form as required or a substantially similar document.

Further, with the exception of pregnancy discrimination in violation of the Pregnant Workers Fairness Act, Plaintiff fails to identify the law under which her numerous causes of action rely. Case law is clear that "a pleading may not simply allege a wrong has been committed and demand relief." *Sherrell v. Bank of Am., N.A.*, Case No. CV F 11-1785-LJO (JLT), 2011 WL 6749765, at *4 (E.D. Cal. Dec. 22, 2011). Moreover, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must plead sufficient facts to provide a defendant fair notice of the claims against it and the grounds upon which it rests. *Yamaguchi v. United States Department of Air Force*, 109 F.3d 1475, 1481 (9th Cir. 1997). While Plaintiff alleges generalized harm by her employer Sephora, she fails to identify under what laws she is proceeding. Thus, Defendant cannot be put on reasonable notice of the claims against it as required by Rule 8. *Id.*

---

[1] Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." U.S. District Court for the District of Nevada Local Rule LSR 2-1 states: "[a] civil-rights complaint filed by a person who is not represented by an attorney must be submitted on the form provided by this court or must be legible and contain substantially all the information called for by the court's form."

Finally, before a plaintiff may bring an employment discrimination claim in federal court, she must first exhaust her administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *Coleman v. Monte Carlo*, No. 2:14-CV-1614-JAD-VCF, 2015 WL 4509439, at *3 (D. Nev. July 24, 2015). Plaintiff fails to demonstrate an exhaustion of administrative remedies related to pregnancy discrimination as the right to sue letter she received from the EEOC (ECF No. 2-2 at 11) is silent with respect to what claims Plaintiff alleged in her charge of discrimination.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 2-2) must be filed on the docket.

IT IS FURTHER ORDERED that Plaintiff's Complaint is dismissed without prejudice and with leave to amend.

IT IS FURTHER ORDERED that the Clerk of the Court must send Plaintiff the approved form for filing a civil rights complaint along with the information and instructions for filing the same.

IT IS FURTHER ORDERED that if Plaintiff wishes to proceed with her case she must file an amended complaint no later than **December 30, 2026** on the Court's form. The amended complaint must identify each cause of action Plaintiff seeks to bring. Plaintiff should identify the law on which each claim is based and the facts supporting the elements of each such claim. With respect to Plaintiff's pregnancy discrimination claim, she must demonstrate that she brought this claim to the EEOC through a charge of discrimination for which she received a right to sue letter. Plaintiff must be clear what violations of the Fair Labor Standards Act she is attempting to bring, and Plaintiff must explain the basis for other claims she seems to assert.

IT IS FURTHER ORDERED that failure to file an amended complaint on or before December 30, 2026 may result in a recommendation that this matter be dismissed in its entirety.

Dated this 23rd day of November, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE